# In the United States District Court
# for the Southern District of Georgia
# Savannah Division

INTERSTATE PAPER, LLC,

    Plaintiff,

v.

TOD EDWARD FLATHMANN, P.E.,

    Defendant.

CV 415-268

## ORDER

On August 28, 2015, Interstate Paper, LLC ("Plaintiff"), a Delaware limited liability company whose sole member is a Delaware corporation, filed suit in the Superior Court of Liberty County against Defendants Jacobs Engineering Group ("JEG") and Tod Edward Flathmann ("Flathmann"). The Complaint alleges that the two Defendants are jointly and severally liable for: (1) Professional Negligence (Count one); and (2) Gross Negligence (Count two). Both Defendants are represented by the same law firm. Like Plaintiff, Defendant JEG is a Delaware corporation, while Flathmann is a South Carolina resident. On September 29, 2015, JEG, with no permission from any Court or the Plaintiff, removed itself from Liberty County to Fulton

County, citing O.C.G.A. § 14-2-510(b)(4) for support.[1] Dkt. No. 1-1, pp. 99-106. The next day, defense counsel removed what was left of Plaintiff's case from Liberty County to this Court, citing 28 U.S.C. § 1446(b)(3)[2] as support for this second phase of dividing and moving the case.

With regard to JEG's removal to the Superior Court of Fulton County, the Court notes that on February 22, 2016, Fulton County remanded JEG's case back to Liberty County. Dkt. No. 20-1. That court explained that JEG's reliance on O.C.G.A. § 14-2-510(b)(4) in support of its notice of removal was misplaced because JEG's principal place of business, for venue purposes,

---

[1] In pertinent part, O.C.G.A. § 14-2-510(b)(4) reads:
> In actions for damages because of torts, wrong, or injury done, in the county where the cause of action originate. If venue is based solely on this paragraph, the defendant shall have the right to remove the action to the county in Georgia where the defendant maintains its principal place of business. A notice of removal shall be filed within 45 days of service of the summons. Upon motion by the plaintiff filed within 45 days of the removal, the court to which the case is removed may remand the case to the original court if it finds that removal is improper under the provisions of this paragraph. Upon the defendant's filing of a notice of removal, the 45 day time period for filing such notice shall be tolled until the remand, the entry of an order by the court determining that the removal is valid, or the expiration of the time period for the plaintiff to file a motion challenging the removal, whichever occurs first.

[2] 28 U.S.C. § 1446(b)(3) states:
> Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

is in California, not Georgia. Id. at pp. 2-4. The Fulton County Court thus remanded JEG's case back to the State Court of Liberty County. Id.[3]

With regard to Flathmann's removal to this Court, Flathmann filed a Motion to Dismiss, dkt. no. 7, to which Plaintiff responded with a Motion to Remand. Dkt. No. 8. The Court held a Motions Hearing on April 12, 2016. Dkt. No. 26. For the reasons set forth below, Plaintiff's Motion to Remand (Dkt. No. 8) is **GRANTED**.

When considering a motion to remand, "the removing party bears the burden of establishing jurisdiction." Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996). The removal statute should be construed narrowly, with doubt construed against removal. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 107-09 (1941). Pursuant to 28 U.S.C. § 1441, a defendant may remove an action to the district court "embracing the place where such action is pending" if the federal court would possess original jurisdiction over the subject matter. 28 U.S.C. § 1441(a). A district court has original jurisdiction over "all

---

[3] JEG disputes Fulton Court's Order Remanding Case to Liberty County. See Dkt. No. 22. JEG notified the Court that the case the Fulton Court relied on in rendering its decision to remand, Kingdom Retail Grp., LLP v. Pandora Franchising, LLC, 334 Ga. App. 812, 816 (2015), has received an Order Granting Certiorari from the Georgia Supreme Court. See id. JEG requests that this Court delay ruling on Plaintiff's Motion to Remand, pending the Georgia Supreme Court's resolution of the following issue "Did the Court of Appeals properly interpret O.C.G.A. § 14-2-510(b)(4)." Dkt. No. 22-1, p. 2. Plaintiff opposes this request. See Dkt. No. 23. For the reasons set forth in the body of this Order, the Court will not delay ruling on Plaintiff's Motion to Remand.

civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states . . ." 28 U.S.C. § 1332. Generally, a defendant must remove an action within 30 days of receipt of the initial pleading. See 28 U.S.C. § 1446(b)(1). But when the case is not removable based on the initial pleading, and is based on "other paper," a removal action is appropriate within 30 days after receipt of such paper. See 28 U.S.C. § 1446(b)(3).

The parties dispute whether Defendants' removal was proper. The issue is whether Flathmann—who was the only diverse party after JEG unilaterally removed to Fulton County—could properly remove his case to this Court on the basis of JEG's Notice of Removal. In evaluating Flathmann's removal, the parties dispute which "pleading" controls his authority to remove. Specifically, Plaintiff asserts that the Court "must look to the plaintiff's pleading [i.e. Plaintiff's Complaint] at the time the petition for removal was filed." Dkt. No. 8, pp. 3-5 (quoting Fromknecht v. Brayson Dev. Corp., 734 F. Supp. 508, 509 (N.D. Ga. 1990) (citing Am. Fire and Cas. Co. v. Finn, 341 U.S. 6, 14 (1951))). Flathmann argues that removal was proper because JEG's Notice of Removal—a pleading defense counsel drafted—satisfies the "other paper" requirement set forth in 28 U.S.C. § 1446(b)(3). Dkt. No. 25, pp. 1-6.

AO 72A
(Rev. 8/82)

The Court in <u>Finn</u> noted that "the District Court would not have had original jurisdiction as first stated in the complaint, because of the presence on each side of a citizen of Texas." 341 U.S. at 17. The significance of this conclusion cannot be overstated: in determining whether the parties were diverse for removal purposes, the Supreme Court looked to the citizenship of the parties as set forth *in the plaintiff's complaint*. The Supreme Court in <u>Finn</u> concluded that the removal was inappropriate, given that the parties were not diverse. Here, the Court is presented with a parallel situation. When evaluating the allegations set forth in Plaintiff's Complaint, it is immediately apparent that JEG and Plaintiff are both citizens of the same state, Delaware. Dkt. No. 1-1, ¶¶ 1-2. Accordingly, diversity of citizenship between the parties was destroyed the moment Plaintiff joined JEG as a co-defendant. Removal to this Court was therefore inappropriate because this Court lacked diversity jurisdiction to hear this suit.

Moreover, Flathmann's reliance on 28 U.S.C. § 1446(b)(3) to overcome the argument above does not withstand judicial scrutiny. Flathmann argues the removal was appropriate because JEG's Notice of Removal qualifies as the "other paper" cited in 28 U.S.C. § 1446(b)(3). Dkt. No. 25, pp. 3-4. In support of this argument, defense counsel argues that § 1446(b)(3) "expressly allows this Court to look beyond the four corners of

Plaintiff's Complaint when deciding Plaintiff's Motion to Remand." Id. at p. 1. Defense counsel asserts that Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 762 (11th Cir. 2010), overturns the Eleventh Circuit's holding in Lowery v. Ala. Power Co., 483 F.3d 1184, 1215 n.63 (11th Cir. 2007) (explaining that "[u]nder the second paragraph [of § 1446(b)],[4] a case becomes removable when three conditions are present: there must be (1) 'an amended pleading, motion, order or other paper,' which (2) the defendant must have received from the plaintiff (or from the court, if the document is an order), and from which (3) the defendant can 'first ascertain' that federal jurisdiction

---

[4] The Court notes that when Pretka was announced, 28 U.S.C. § 1446(b) (2011) read as follows:
> The notice of removal of a civil action or proceeding shall be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b) (2011). Given that the second paragraph of 28 U.S.C. § 1446(b)(2011) is substantially similar to 28 U.S.C. § 1446(b)(3), hereinafter, any reference to the 'second paragraph of § 1446(b)' refers to 28 U.S.C. § 1446(b)(3). To the extent there are any differences between the two subsections, the Court finds that they are immaterial for the purposes of the instant Order.

AO 72A
(Rev. 8/82)

exists."). Indeed, defense counsel claims that <u>Pretka</u> holds that the "'receipt [of paper] from the plaintiff' requirement is dicta." <u>Id.</u> at p. 4 (quoting 608 F.3d at 762).

As counsel for Plaintiff correctly noted, defense counsel's interpretation of <u>Pretka</u> is flawed. Dkt. No. 25, pp. 1-5. <u>Pretka</u>, at the outset, acknowledges that it does not rely on the same subsection of § 1446(b) at issue in <u>Lowery</u>. 608 F.3d at 757 (explaining that the defendant "is not relying on the second paragraph of that subsection to establish the timeliness of its removal but instead on the first one, which applies because [the defendant] filed its notice of removal within thirty days of being served with the summons and initial complaint."). The <u>Pretka</u> court explains the distinction between its holding and the one in <u>Lowery</u>, stating:

> <u>Lowery</u> is a second paragraph case. Its 'receipt from the plaintiff' rule is based on the second paragraph of § 1446(b), and that rules applies if 'the case stated by the initial pleading is *not* removable' but the case 'has become removable' due to changed circumstances. Under the second paragraph of § 1446(b), the defendant's receipt of a document indicating that the case 'has become removable' opens a new 30-day window for removal. The traditional rule is that only a voluntary act by the plaintiff may convert a non-removable case into a removable one. Thus, a defendant cannot show that a previously non-removable case 'has become removable' as a result of a document created by the defendant. (internal citations omitted) (emphasis in original).

7

AO 72A
(Rev. 8/82)

Pretka, 608 F.3d at 761. Instead of supporting defense counsel's argument, Pretka confirms that the removal of Flathmann's case to this Court was inappropriate.

Plaintiff's Complaint was not subject to removal pursuant to § 1446(b)(1). Initially, there was no diversity between the parties—the Complaint alleged that JEG and Flathmann were jointly and severally liable for Plaintiff's claims. See Dkt. No. 1-1, ¶¶ 24-40. For that reason, the case could not be removed subject to § 1446(b)(1). Flathmann could only remove to this Court upon receipt of "other paper"—i.e. JEG's Notice of Removal—which would constitute a § 1446(b)(3) removal.

Flathmann's reliance on JEG's Notice of Removal to justify removal to this Court is misplaced. Case law states that the "other paper" requirement must consist of documents "received from the plaintiff (or from the court, if the document is an order)" in a case involving removal based on § 1446(b)(3). Lowery, 483 F.3d at 1215 n.63. Flathmann attempts to justify the removal of his case to this Court on the basis of a document that he drafted. As such, the removal was not proper. Policy concerns buttress this conclusion. To hold otherwise would grant defendants inordinate power to become masters of a plaintiff's complaint. Accordingly, Plaintiff's Motion to Remand is hereby **GRANTED**.

AO 72A
(Rev. 8/82)

## CONCLUSION

In light of the above, Plaintiff's Motion to Remand (Dkt. No. 8) is hereby **GRANTED**. The Clerk of Court is **DIRECTED** to **REMAND** this case to the Superior Court of Liberty County, for resolution.

**SO ORDERED**, this 10TH day of June, 2016.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA